FILED
2008 May-29 PM 02:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LONNIE WILLIAMS** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:08-cv-0159-UWC** |
| **MICHAEL J. ASTRUE**, as Commissioner | ) | |
| **of the Social Security Administration,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION ON DEFENDANT'S SUMMARY JUDGMENT MOTION

Before the Court is Defendant Commissioner's Motion to Dismiss Or In The Alternative Motion For Summary Judgment. (Doc. 10) Treating the motion in the alternative, the Court has allowed Plaintiff ample time to respond. (Doc. 15). Plaintiff has failed to adequately respond to the motion.[1]

Therefore, the facts set forth in the motion are deemed to be undisputed. Based on these undisputed facts, Defendant is entitled to judgment as a matter of law.

### I. The Undisputed Facts

1. Plaintiff 's application for supplemental security income ("SSI") was denied

---

[1] Although Plaintiff filed a document on May 9, 2008, the document is totally unresponsive to the issue of whether he timely requested a hearing on the denial of his claim. *See*. Doc. 17.

by Social Security Administration ("SSA") on August 16, 2006. In the Notice of Disapproved Claim ("notice") mailed to Plaintiff, it was explained that:

> You state that you are disabled because of mental illness. We have made multiple attempts to document you claim. Our efforts to obtain enough evidence to make a decision on your claim have been unsuccessful. Since the evidence in file is insufficient to determine the severity of your condition(s), your claim is denied.

Doc. 10-2, p. 5.

2. In the notice, Plaintiff was informed that if he disagreed with the decision, he had a right to a hearing if he made the request within 60 days of the date of the notice. The notice also informed Plaintiff that his request for a hearing must be in writing. *Id.,* p. 4.

3. The notice also alerted Plaintiff that "[he] must have a good reason for waiting more than sixty days to request a hearing." *Id.*

4. Plaintiff failed to request a hearing within sixty days of the notice.

5. Plaintiff made several visits to the Birmingham District Office of the Social Security Administration (SSA) between August 2006 and September 2007.

6. On September 17, 2007, Plaintiff again visited the Birmingham District Office. Plaintiff was informed that since his time to request a hearing on his claim for benefits, he needed to either file a statement showing good cause for his failure to timely request a hearing, or file a new claim.

7. On September 17, 2007, Plaintiff filed an untimely request for a hearing.

8. Plaintiff has failed to file a good cause statement or a new claim for benefits.

9. On January 11, 2008, the SSA issued to Plaintiff a Notice of Dismissal of his request for a hearing; and of his right to request a review of the decision by SSA's Appeals Council within sixty days.

10. Plaintiff did not seek a review by the Appeals Council of the dismissal of his request for a hearing.

11. This action was filed on January 29, 2008.

## II. The Controlling Legal Principles

### A. Summary Judgment

Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue as to any material fact and that, based upon the undisputed facts, the moving party is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56( c).

The party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which the moving party believes demonstrate the

absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*quoting* Fed. R. Civ. P. 56( c).

When ruling on a motion for summary judgment, the court must view the facts in a light favorable to the nonmoving party. *See, e.g., Raney v. Vinson Guard Service*, 120 F.3d 1192, 1196 (11th Cir. 1997). "The district court should 'resolve all reasonable doubts about the facts in favor of the nonmoving' ... and draw 'all justifiable inferences ... in his favor ....'" *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991). "All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979). The Eleventh Circuit has held that evidence that is merely colorable, conclusory, or conjectural does not create a genuine issue of material fact. *See, e.g.*, *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

"When a motion for summary judgment is made and supported..., an adverse party may not rest upon mere allegations or denials of the pleading, but the response, by affidavits or as otherwise provided by [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

B. Substantive Law

An initial determination, e.g., the disapproval of a claim, becomes the final SSA

4

decision and this binding on a claimant unless a request for reconsideration, e.g., a request for a hearing, is timely made. *See,* 20 C.F.R. §§ 404.905, 404.907.

The exclusive jurisdictional basis for this court's review of final SSA decisions is 42 U.S.C. §§ 405(g)[2] and (h).[3]

Social Security disability claimants have sixty days from receipt of the notice of Disapproved Claims to request reconsideration. See 20 C.F.R. § 404.909.

## ANALYSIS

It is clear that since Plaintiff's complaint was filed more than 15 months after the receipt of the initial decision denying his claim, and Plaintiff failed to timely request reconsideration of the decision, this Court lacks jurisdiction to review the SSA's denial of his claim.

---

[2]This section provides:

> Any individual, after final decision of the Commissioner of Social Security made after a haring to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision ....

42 U.S.C. § 405(g).

[3] In pertinent part, the section provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

42 U.S.C. § 405(h).

Plaintiff's filing of the complaint within sixty days of the SSA's dismissal of his untimely request for a hearing will not suffice to confer jurisdiction. By that time, since the request for a hearing was untimely and Plaintiff had not provided a good cause statement in explanation of the untimeliness, the decision denying SSI benefits had become final. Equally clearly, this Court's jurisdiction to review the denial of benefits evaporated sixty days after the SSA's decision became final.

Apparently, Plaintiff's only recourse is to file a new claim, which is what he should have done when he insisted on filing an untimely request for a hearing.

## Conclusion

By separate Order, summary and final judgment shall be entered in favor of the Defendant.

_____
U.W. Clemon
United States District Judge